**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------ X
HOLLANDER GLASS TEXAS, INC.,                      :
                                                  :
                    Plaintiff,                    :
                                                  :       Civil Action No. 12-CV-5112
        - against -                               :
                                                  :       JURY TRIAL DEMANDED
BEARGLASS, INC., and  MARK                        :
SAKOWITZ,                                         :
                                                  :
                    Defendants.                   :
------------------------------------------------------------ X
```

## COMPLAINT

Plaintiff, Hollander Glass Texas, Inc. ("Hollander"), by and through its attorneys, for its

complaint against Defendants, Bearglass, Inc., doing business as Bear Glass ("Bear Glass"), and

Mark Sakowitz ("Sakowitz") (collectively, "Defendants"), hereby alleges as follows:

## NATURE OF ACTION

1.      In this action, Hollander seeks injunctive relief, damages and/or statutory

damages and attorneys' fees for Defendants' acts of willful copyright infringement pursuant to

the United States Copyright Act, 17 U.S.C. §§ 101 *et seq*., injunctive relief, lost profits, damages

and attorneys' fees for Defendants' acts of willful trademark infringement, false designation of

origin, false descriptions, and unfair competition, pursuant to the Lanham Act, 15 U.S.C. §§

1051 *et seq*., and trademark infringement and dilution, injury to business reputation and dilution,

and unfair competition under the common law and statutes of the State of New York.

1

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338, and 1367.

3.      The actions of Defendants complained of in this Complaint have been and continue to be committed within the Eastern District of New York.

4.      Upon information and belief, Bear Glass is a corporation organized and existing under the laws of the State of New York, with its place of business in New York and this judicial district.

5.      Upon information and belief, Sakowitz is a resident of New York and/or maintains a place of business in New York and this judicial district.

6.      Upon information and belief Defendants reside, contract to supply goods and/or services, and/or transact business in New York and within this judicial district, and the tortious acts of Defendants complained of in this Complaint, including, without limitation, the willful and illegitimate use Hollander's trademarks and goodwill, have caused harm and are causing harm to Hollander within this judicial district.  Accordingly, personal jurisdiction exists over Defendants pursuant to CPLR §§ 301 and 302.

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## THE PARTIES

8.      Plaintiff Hollander is a corporation organized and existing under the laws of the State of Texas, having its principal place of business at 5455 Guhn Road, Houston, Texas 77040.

9.      Upon information and belief, Defendant Bear Glass is a corporation organized and existing under the laws of the State of New York, having its principal place of business at 399 20th Street, Brooklyn, New York 11215.

2

10.     Upon information and belief, Defendant Sakowitz, having a home address of 261 Mary Brown Hill Road, Laurens, New York, is the president of Bear Glass.

11.     Upon information and belief, Sakowitz is an officer, director and/or principal of Bear Glass and has aided, abetted, controlled, actively directed and caused Bear Glass to commit the acts complained of herein as the alter ego of Bear Glass.

## FACTUAL ALLEGATIONS

12.     Hollander is a well-known and established manufacturer and distributor of architectural window glass and other specialty glass products and accessories.  Hollander and its predecessors-in-interest have been selling its renowned glass and related products at wholesale to and through dealers, architects, contractors, retailers and educational institutions throughout the United States and internationally since 1956.

13.     On information and belief, Bear Glass is a wholesale re-seller of various glass products, accessories, and related installation and other services.

14.     Prior to November 1, 2013, Bear Glass purchased glass products from Hollander for resale to Bear Glass' customers from time to time, but Bear Glass placed its last order for Hollander glass products on October 31, 2013.

15.     On information and belief, Bear Glass purchased Hollander glass products from Hollander to order, and only pursuant to the specific needs of individual Bear Glass customers, and Bear Glass did not and does not maintain an inventory of Hollander glass.  On further information and belief, Bear Glass is no longer selling Hollander glass products.

3

**Hollander's Trademarks and Registrations**

16.     Hollander has adopted and used, and thus is the owner of several trademarks in connection with its products and services, such as, without limitation, "Hollander Glass," "Hollander", "Hollander Circa 1900 Window Glass", and "Winterlake" (the "Trademarks").

17.     Hollander and/or its predecessors-in-interest have used the common-law trademark HOLLANDER GLASS openly, notoriously, and continuously in interstate commerce in connection with its glass products and accessories since 1956, a time prior to any of the acts of Defendants complained of herein.

18.     Hollander is the owner of U.S. Trademark Registrations with respect to several of its Trademarks (the "Registered Trademarks"), as follows:

(a)     Hollander is the owner of United States Trademark Registration No. 4359489 for the trademark HOLLANDER, registered in International Class 19 for use in connection with window glass.  This registered trademark has been used openly, notoriously, and continuously in interstate commerce since at least July, 2011, a time prior to any of the acts of Defendants complained of herein.

(b)     Hollander is the owner of United States Trademark Registration No. 4184164 for the trademark HOLLANDER CIRCA 1900 WINDOW GLASS, registered in International Class 19 in connection with window glass.  This registered trademark has been used openly, notoriously, and continuously in interstate commerce since at least July, 2011, a time prior to any of the acts of Defendants complained of herein.

(c)     Hollander is the owner of United States Trademark Registration No. 3625813 for the trademark WINTERLAKE, registered in International Class 21 for use in connection with decorative glass not for building purposes, namely, pattern glass.  This registered trademark has

4

been used openly, notoriously, and continuously in interstate commerce since at least October, 2007, a time prior to any of the acts of Defendants complained of herein.

19.    All of the Trademarks are inherently distinctive and strong trademarks.

20.    Because of Hollander's extensive use and promotions of the Trademarks, and in light of the unsolicited media coverage and notoriety pertaining to Hollander's goods and Trademarks, the Trademarks have become distinctive and prominent, indicate a single source of origin of Hollander's goods and services, and have acquired a secondary meaning.

21.    Hollander has used its Trademarks continuously in connection with its window products since their respective dates of first use.

22.    Hollander has used its Trademarks extensively since their first use, in connection with the manufacture and distribution of a variety of different architectural and decorative glass products.

23.    Hollander has advertised and otherwise promoted its Trademarks extensively since their first use, through its website located at www.hollanderglass.com (the "Hollander Website") and by other means.

24.    Hollander's products bearing the Trademarks have been sold extensively.

25.    Hollander's products bearing the Trademarks have been the subject of unsolicited media coverage.

26.    By virtue of Hollander's use, advertising, promotion and sales of goods and services bearing the Trademarks, and unsolicited media coverage featuring the Trademarks, the Trademarks have become associated with Hollander and have created an association between Hollander and its Trademarks in the mind of consumers.

27.

5

**Hollander's Copyright**

28.     Hollander owns and operates the Hollander Website, including all of the text, photographs, two-dimensional artwork, and other original content (the "Hollander Website Content") which appears and is hosted on the Hollander Website, and including any and all rights under the United States copyright laws pertaining to, and/or inherent in the Hollander Website Content.

29.     Hollander owns U.S. Copyright Registration No. VA 1-899-798 (the "Copyright Registration") for a portion of the Website Content which publishes and displays photographs of various examples of Hollander's "Clear Patterned Architectural Glass" products, together with associated two-dimensional artwork and text material (collectively, the "Work"). A copy of the Work, downloaded from the Hollander Website, is attached to this Complaint as Exhibit A.

30.     Hollander owns all rights under the United States copyright laws pertaining to, and/or inherent in the Work (the "Copyright"), which Copyright is valid and subsisting.

31.     The Work was completed and first published as part of the Website Content on or before January 2, 2011.

32.     The Copyright Registration constitutes *prima facie* evidence of the validity of, and of Hollander's ownership of the Copyright in the Work.

**Defendants' Copyright Infringement**

33.     On information and belief, Bear Glass owns many domain names which point to many different websites owned and/or operated by Bear Glass, including without limitation the domain names www.bearglass.com, www.cabinetglass.info, www.bearglass.info, www.bearglass.us, and www.glasscuttosize.com.

34.     On information and belief, without permission, license, color of right, or any other authority from Hollander or any agent or affiliate thereof, Sackowitz caused Bear Glass to copy Hollander's Work, and without permission, license, color of right, or any other authority from Hollander has published the Work and made it available for view, display, and further copying by the public by posting it to the website located at www.bearglass.com.

35.     The home, or "landing" page of the website located at www.bearglass.com contains a list of links to various web pages, including a link to a webpage entitled "Bear Pattern Glass" (the "First Infringing Webpage"). A copy of the First Infringing Webpage is attached to this Complaint as Exhibit B.

36.     The First Infringing Webpage displays an exact duplicate copy of Hollander's Work, which is subject to Hollander's Copyright and protected by the Copyright Registration.

37.     On information and belief, without permission, license, color of right, or any other authority from Hollander or any agent or affiliate thereof, Sackowitz caused Bear Glass to copy Hollander's Work, and without permission, license, color of right, or any other authority from Hollander has published the Work and made it available for view, display, and further copying by the public by posting it to the website located at www.cabinetglass.info.

38.     The home, or "landing" page of the website located at www.cabinetglass.info contains a drop down menu at the top for "Products" which in turn contains a link to a webpage entitled "Clear Patterned Architectural Glass" (the "Second Infringing Webpage"). A copy of the Second Infringing Webpage is attached to this Complaint as Exhibit C.

39.     The Second Infringing Webpage displays an exact duplicate copy of Hollander's Work, which is subject to Hollander's Copyright and protected by the Copyright Registration.

7

40.     On information and belief, without permission, license, color of right, or any other authority from Hollander or any agent or affiliate thereof, Sackowitz caused Bear Glass to copy Hollander's Work, and without permission, license, color of right, or any other authority from Hollander has published the Work and made it available for view, display, and further copying by the public by posting it to the website located at www.bearglass.info.

41.     The landing page of the website located at www.bearglass.info contains a drop down menu at the top for "Products" which in turn contains a link to a webpage entitled "Patterned Glass" (the "Third Infringing Webpage").  A copy of the Third Infringing Webpage is attached to this Complaint as Exhibit D.

42.     The Third Infringing Webpage displays a duplicate copy of Hollander's Work, which is subject to Hollander's Copyright and protected by the Copyright Registration.

43.     On information and belief, without permission, license, color of right, or any other authority from Hollander or any agent or affiliate thereof, Sackowitz caused Bear Glass to copy Hollander's Work, and without permission, license, color of right, or any other authority from Hollander has published the Work and made it available for view, display, and further copying by the public by posting it to the website located at www.bearglass.us.

44.     The home, or "landing" page of the website located at www.bearglass.us contains a link to a webpage entitled "Useful Links" (the "Fourth Infringing Webpage"). A copy of the Fourth Infringing Webpage is attached to this Complaint as Exhibit E.

45.     The Fourth Infringing Webpage displays duplicate copies of two portions of Hollander's Work, each of which is subject to Hollander's Copyright and protected by the Copyright Registration.

46. On information and belief, without permission, license, color of right, or any other authority from Hollander or any agent or affiliate thereof, Sackowitz caused Bear Glass to copy Hollander's Work, and without permission, license, color of right, or any other authority from Hollander has published the Work and made it available for view, display, and further copying by the public by posting it to the website located at www.glasscuttosize.com.

47. The home, or "landing" page of the website located at www.glasscuttosize.com (the "Fifth Infringing Webpage") displays a duplicate copy of a portion of Hollander's Work, which is subject to Hollander's Copyright and protected by the Copyright Registration. A copy of the Fifth Infringing Webpage is attached to this Complaint as Exhibit F.

48. On information and belief, Hollander has never granted permission, license, or authority to Sakowitz or to Bear Glass to use, copy, display, or publish the Work, or any photograph, text, or two-dimensional artwork contained in or comprising the Work.

49. On information and belief, Defendants use their websites, including www.bearglass.com, www.cabinetglass.info, www.bearglass.info, www.bearglass.us, and www.glasscuttosize to advertise and promote Bear Glass' glass products and related services and accessories. By publishing and featuring the Work on its websites, Defendants have utilized the Work without license, authorization or permission from Hollander to generate revenue through the advertising of its goods and services.

**Defendants' Cybersquatting and Trademark Infringements**

50. On information and belief, on or about March 5, 2011, without Hollander's authority, license, or permission, Defendants purchased and registered with the Internet Service Provider "GoDaddy.com" the Internet domain name address www.hollanderglass.net (the "First Infringing Domain").

51.     On information and belief, Defendants created and published a website accessible on the Internet at the First Infringing Domain (the "First Infringing Website"), and on information and belief Bear Glass owns and/or operates the website currently located at this Internet domain name address.

52.     The First Infringing Domain includes and incorporates, and is confusingly similar to, Hollander's Trademarks HOLLANDER GLASS, HOLLANDER and HOLLANDER CIRCA 1900 WINDOW GLASS, which Trademarks were distinctive at the time Bear Glass registered and commenced to use the First Infringing Domain.

53.     On information and belief, on or about March 5, 2012, without Hollander's authority, license, or permission, Defendants purchased and registered with the Internet Service Provider "GoDaddy.com" the Internet domain name address www.hollanderdabinetglass.com (the "Second Infringing Domain").

54.     On information and belief, Defendants created and published a website accessible on the Internet at the Second Infringing Domain, and on information and belief Bear Glass owns and/or operates the website currently located at this Internet domain name address (the "Second Infringing Website").

55.     The Second Infringing Domain includes and incorporates, and is confusingly similar to, Hollander's Trademarks HOLLANDER GLASS, HOLLANDER and HOLLANDER CIRCA 1900 WINDOW GLASS, which Trademarks were distinctive at the time Bear Glass registered and commenced to use the Second Infringing Domain.

56.     On information and belief, Defendants adopted the First and Second Infringing Domains with the intent to divert customers in bad faith from the Hollander Website to the First and Second Infringing Websites for Bear Glass' own commercial gain, and/or to damage the

goodwill of Hollander by creating a likelihood of confusion as the source, sponsorship, affiliation, or endorsement of the First and Second Infringing Websites.

57.    The landing page of both the First and the Second Infringing Websites displays text in bold font which states that "We Sell Hollander Glass."

58.    Hollander has not licensed or otherwised authorized, or granted permission to Defendants to use any Trademark for any purpose.

59.    Each of the First, Second, Third, Fourth, and Fifth Infringing Webpages display and publish, without Hollander's authority, permission, consent, or license, photographs (the "Infringing Photos") of specific Hollander "Clear Patterned Architectural Glass" products, which products are incorporated into the Work.

60.    The First and Second Infringing Webpages also display, without Hollander's authority, permission, consent, or license, Hollander's Registered Trademark WINTERLAKE in connection with one of the Infringing Photos copied from the Work.

61.    On information and belief, Bear Glass does not sell Hollander glass products, has not sold Hollander glass products since November, 2013, and has never maintained and does not have an inventory of Hollander glass products available for sale.

62.    By stating in the body of each of the First and Second Infringing Websites that "We Sell Hollander Glass," Defendants are using a trademark, "Hollander Glass" (the "Infringing Mark") which is identical and/or confusingly similar to Hollander's Trademarks HOLLANDER GLASS, HOLLANDER, and HOLLANDER CIRCA 1900 WINDOW GLASS in sight, sound and connotation, and are creating a likelihood of confusion in violation of the Lanham Act, specifically initial interest confusion, by misleading consumers into believing that

11

Bear Glass sells Hollander glass products, or is otherwise affiliated with or sponsored by Hollander.

63. By stating in the body of each of the First and Second Infringing Websites that "We Sell Hollander Glass," Defendants are using a trademark, "Hollander Glass" (an "Infringing Mark") which is identical and/or confusingly similar to Hollander's Trademarks HOLLANDER GLASS, HOLLANDER, and HOLLANDER CIRCA 1900 WINDOW GLASS in sight, sound and connotation, and are creating a likelihood of confusion in violation of the Lanham Act by using their false claim to be selling Hollander Glass products to pass of third-party goods which are not Hollander products as Hollander products.

64. Further by using, publishing and displaying the Infringing Photos on each of the First, Second, Third, Fourth, and Fifth Infringing Webpages without Hollander's authority, permission, consent, or license, Defendants are creating a likelihood of confusion in violation of the Lanham Act by using these photographs of authentic Hollander goods in connection with Bear Glass' advertising and sales of goods to intentionally or impliedly pass off goods Bear Glass sells which are not Hollander goods as Hollander goods.

65. Further by using Hollander's Registered Trademark WINTERLAKE on the First and Second Infringing Webpages to sell Bear Glass' products and services in connection with photographs of Hollander Clear Patterned Architectural Glass products, Defendants are using a trademark, "Winterlake" (the "Infringing Winterlake Mark") which is identical and/or confusingly similar to Hollander's Registered Trademark WINTERLAKE in sight, sound and connotation, and are creating a likelihood of confusion in violation of the Lanham Act by using the Infringing Winterlake Mark to pass off third-party goods which are not Hollander products as Hollander products.

12

66.     By registering and using the First and Second Infringing Domains to divert Internet users to, and in connection with the First and Second Infringing Websites, Defendants are using trademarks, "Hollander Glass" and "Hollander Cabinet Glass" that are identical and/or confusingly similar to Hollander's Trademarks HOLLANDER GLASS, HOLLANDER, and HOLLANDER CIRCA 1900 WINDOW GLASS in sight, sound and connotation, and are creating a likelihood of confusion in violation of the Lanham Act.

67.     Without the authorization or consent of Hollander and after Hollander built up extensive and valuable business and goodwill in connection with Hollander's Trademarks, Defendants commenced to use the Infringing Hollander Mark, the Infringing Winterlake Mark, and the First and Second Infringing Domains in interstate commerce.

68.     Upon information and belief, Defendants were aware of Hollander and Hollander's use of the Trademarks in connection with the goods it manufactures and sells at the time Defendants adopted and began to use the Infringing Mark and the First and Second Infringing Domains.

69.     Hollander and Defendants are engaged in the business of providing similar products to the same classes of customers, through the same or similar channels of trade.

70.     Upon information and belief, Defendants adopted and commenced use of the the Infringing Hollander Mark, the Infringing Winterlake Mark, and the First and Second Infringing Domains with the intent to deceive consumers and to cause confusion among purchasers, for the purpose of benefitting from the goodwill and public recognition associated with Hollander's Trademarks and diverting sales from Hollander to Defendants.

13

71.     The aforementioned acts of Defendant have caused and will continue to cause actual confusion and a likelihood of confusion in the minds of the trade and the public, and will damage Hollander's reputation and goodwill in connection with its Trademarks.

72.     On or about May 9, 2013, Hollander, by and through its attorneys, sent a cease and desist letter to Defendants regarding the First and Second Infringing Domains and the First and Second Infringing Websites, but Bear Glass did not respond.

73.     On or about June 4, 2014, Hollander, by and through its attorneys, sent a second cease and desist letter to Defendants regarding the First and Second Infringing Domains and the First and Second Infringing Websites, the Infringing Hollander Marks, and Bear Glass' unauthorized copying and publication of Hollander's Work, but Bear Glass again did not respond.

74.     Notwithstanding Hollander's requests, Defendants have continued to use their infringing marks and domain names, and have continued to publish copies of Hollander's Work, all without Hollander's authorization or permission.

## COUNT I
## INTENTIONAL COPYRIGHT INFRINGEMENT
### (Bearglass.com)

75.     Hollander repeats and realleges each of the allegations made in the preceding paragraphs as if set forth fully herein.

76.     Hollander is the owner of the Work, which constitutes original and copyrightable subject matter under the copyright laws of the United States, and Hollander has duly complied with all of the relevant provisions of Title 17 of the United States Code with respect thereto.

77.     Hollander has duly requested and secured from the Register of Copyrights a Certificate of Registration for the Work, namely the Copyright Registration referenced above.

78.     Defendants have infringed Hollander's Copyright in and to the Work embodied in the Copyright Registration, by copying, publishing and displaying the Work and/or photographs, text, and/or two-dimensional artwork which are identical and/or substantially similar to the Work on the First Infringing Webpage, www.bearglass.com, all in violation of Title 17 of the United States Code.

79.     On information and belief, Defendants' conduct and infringement of Hollander's rights have been willful and deliberate.

80.     On information and belief, Defendants' unlawful actions have interfered with Hollander's sales of its glass products and accessories, have unfairly diverted revenue to Defendant Bear Glass, and have caused Hollander monetary damage.

81.     The acts of Defendants have caused irreparable harm and damage to Hollander and will continue to cause irreparable harm to Hollander, and have caused Hollander to suffer monetary damage in an amount thus far not determined.

82.     Hollander has no adequate remedy at law for the injury alleged in this count, and said injury is, in part, intangible in nature and not capable of being fully measured or valued entirely in terms of monetary damages.

83.     Upon information and belief, Defendants will continue to infringe Hollander's rights unless enjoined by this Court.

84.     Based upon Defendants' acts of infringement, Hollander is entitled to injunctive relief, monetary damages, and its cost and fees.

## COUNT II
## INTENTIONAL COPYRIGHT INFRINGEMENT
### (Cabinetglass.info)

85.     Hollander repeats and realleges each of the allegations made in the preceding paragraphs as if set forth fully herein.

86.     Hollander is the owner of the Work, which constitutes original and copyrightable subject matter under the copyright laws of the United States, and Hollander has duly complied with all of the relevant provisions of Title 17 of the United States Code with respect thereto.

87.     Hollander has duly requested and secured from the Register of Copyrights a Certificate of Registration for the Work, namely the Copyright Registration referenced above.

88.     Defendants have infringed Hollander's Copyright in and to the Work embodied in the Copyright Registration, by copying, publishing and displaying the Work and/or photographs, text, and/or two-dimensional artwork which are identical and/or substantially similar to the Work on the Second Infringing Webpage, www.cabinetglass.info, all in violation of Title 17 of the United States Code.

89.     On information and belief, Defendants' conduct and infringement of Hollander's rights have been willful and deliberate.

90.     On information and belief, Defendants' unlawful actions have interfered with Hollander's sales of its glass products and accessories, have unfairly diverted revenue to Defendant Bear Glass, and have caused Hollander monetary damage.

91.     The acts of Defendants have caused irreparable harm and damage to Hollander and will continue to cause irreparable harm to Hollander, and have caused Hollander to suffer monetary damage in an amount thus far not determined.

92.     Hollander has no adequate remedy at law for the injury alleged in this count, and said injury is, in part, intangible in nature and not capable of being fully measured or valued entirely in terms of monetary damages.

93.     Upon information and belief, Defendants will continue to infringe Hollander's rights unless enjoined by this Court.

94.     Based upon Defendants' acts of infringement, Hollander is entitled to injunctive relief, monetary damages, and its cost and fees.

## COUNT III
## INTENTIONAL COPYRIGHT INFRINGEMENT
### (bearglass.info)

95.     Hollander repeats and realleges each of the allegations made in the preceding paragraphs as if set forth fully herein.

96.     Hollander is the owner of the Work, which constitutes original and copyrightable subject matter under the copyright laws of the United States, and Hollander has duly complied with all of the relevant provisions of Title 17 of the United States Code with respect thereto.

97.     Hollander has duly requested and secured from the Register of Copyrights a Certificate of Registration for the Work, namely the Copyright Registration referenced above.

98.     Defendants have infringed Hollander's Copyright in and to the Work embodied in the Copyright Registration, by copying, publishing and displaying the Work and/or photographs, text, and/or two-dimensional artwork which are identical and/or substantially similar to the Work on the Third Infringing Webpage, www.bearglass.info, all in violation of Title 17 of the United States Code.

99.     On information and belief, Defendants' conduct and infringement of Hollander's rights have been willful and deliberate.

17

100.    On information and belief, Defendants' unlawful actions have interfered with Hollander's sales of its glass products and accessories, have unfairly diverted revenue to Defendant Bear Glass, and have caused Hollander monetary damage.

101.    The acts of Defendants have caused irreparable harm and damage to Hollander and will continue to cause irreparable harm to Hollander, and have caused Hollander to suffer monetary damage in an amount thus far not determined.

102.    Hollander has no adequate remedy at law for the injury alleged in this count, and said injury is, in part, intangible in nature and not capable of being fully measured or valued entirely in terms of monetary damages.

103.    Upon information and belief, Defendants will continue to infringe Hollander's rights unless enjoined by this Court.

104.    Based upon Defendants' acts of infringement, Hollander is entitled to injunctive relief, monetary damages, and its cost and fees.

**COUNT IV**
**INTENTIONAL COPYRIGHT INFRINGEMENT**
**(bearglass.us)**

105.    Hollander repeats and realleges each of the allegations made in the preceding paragraphs as if set forth fully herein.

106.    Hollander is the owner of the Work, which constitutes original and copyrightable subject matter under the copyright laws of the United States, and Hollander has duly complied with all of the relevant provisions of Title 17 of the United States Code with respect thereto.

107.    Hollander has duly requested and secured from the Register of Copyrights a Certificate of Registration for the Work, namely the Copyright Registration referenced above.

108.    Defendants have infringed Hollander's Copyright in and to the Work embodied in the Copyright Registration, by copying, publishing and displaying the Work and/or photographs, text, and/or two-dimensional artwork which are identical and/or substantially similar to the Work on the Fourth Infringing Webpage, www.bearglass.us, all in violation of Title 17 of the United States Code.

109.    On information and belief, Defendants' conduct and infringement of Hollander's rights have been willful and deliberate.

110.    On information and belief, Defendants' unlawful actions have interfered with Hollander's sales of its glass products and accessories, have unfairly diverted revenue to Defendant Bear Glass, and have caused Hollander monetary damage.

111.    The acts of Defendants have caused irreparable harm and damage to Hollander and will continue to cause irreparable harm to Hollander, and have caused Hollander to suffer monetary damage in an amount thus far not determined.

112.    Hollander has no adequate remedy at law for the injury alleged in this count, and said injury is, in part, intangible in nature and not capable of being fully measured or valued entirely in terms of monetary damages.

113.    Upon information and belief, Defendants will continue to infringe Hollander's rights unless enjoined by this Court.

114.    Based upon Defendants' acts of infringement, Hollander is entitled to injunctive relief, monetary damages, and its cost and fees.

**COUNT V**
**INTENTIONAL COPYRIGHT INFRINGEMENT**
**(glasscuttosize.com)**

115.    Hollander repeats and realleges each of the allegations made in the preceding paragraphs as if set forth fully herein.

116.    Hollander is the owner of the Work, which constitutes original and copyrightable subject matter under the copyright laws of the United States, and Hollander has duly complied with all of the relevant provisions of Title 17 of the United States Code with respect thereto.

117.    Hollander has duly requested and secured from the Register of Copyrights a Certificate of Registration for the Work, namely the Copyright Registration referenced above.

118.    Defendants have infringed Hollander's Copyright in and to the Work embodied in the Copyright Registration, by copying, publishing and displaying the Work and/or photographs, text, and/or two-dimensional artwork which are identical and/or substantially similar to the Work on the Fifth Infringing Webpage, www.glasscuttosize.com, all in violation of Title 17 of the United States Code.

119.    On information and belief, Defendants' conduct and infringement of Hollander's rights have been willful and deliberate.

120.    On information and belief, Defendants' unlawful actions have interfered with Hollander's sales of its glass products and accessories, have unfairly diverted revenue to Defendant Bear Glass, and have caused Hollander monetary damage.

121.    The acts of Defendants have caused irreparable harm and damage to Hollander and will continue to cause irreparable harm to Hollander, and have caused Hollander to suffer monetary damage in an amount thus far not determined.

122.    Hollander has no adequate remedy at law for the injury alleged in this count, and said injury is, in part, intangible in nature and not capable of being fully measured or valued entirely in terms of monetary damages.

123.    Upon information and belief, Defendants will continue to infringe Hollander's rights unless enjoined by this Court.

124.    Based upon Defendants' acts of infringement, Hollander is entitled to injunctive relief, monetary damages, and its cost and fees.

## COUNT VI
## REGISTERED TRADEMARK INFRINGEMENT (LANHAM ACT § 32)
## (hollanderglass.net)

125.    Hollander repeats and realleges each and every allegation contained in the prior paragraphs hereto and the same are incorporated herein and made a part hereof.

126.    Under 15 U.S.C. §1057(b), the Trademark Registrations constitute *prima facie* evidence of the validity of the Registered Trademarks and of the registration of the marks, of Hollander's ownership of the Registered Trademarks, and of Hollander's exclusive right to use the Registered Trademarks in commerce on or in connection with the goods or services specified in the certificates.

127.    Defendants' registration, adoption, and use of the First Infringing Domain, www.hollanderglass.net constitutes use of a trademark in commerce within the meaning of 15 U.S.C. §1114(1)(a).

128.    Defendants' use of the First Infringing Domain to divert Internet traffic from Hollander's Hollander Website to the First Infringing Website, located at www.hollanderglass.net, creates a likelihood of confusion with Hollander, Hollander's

Registered Trademarks HOLLANDER and HOLLANDER CIRCA 1900 WINDOW GLASS (the "Hollander Registered Trademarks"), and with Hollander's offering of services and sales of products using its Registered Trademarks.

129.   The First Infringing Domain is confusingly similar to the Hollander Registered Trademarks in sight, sound and connotation.

130.   The dominant portion of the Hollander Registered Trademarks is the "Hollander" element.

131.   The dominant portion of Defendants' First Infringing Domain is the "Hollander" element.

132.   The dominant portions of the parties' respective marks are indentical and confusingly similar in sight, sound, and connotation.

133.   Hollander's Hollander Registered Trademarks are strong trademarks, based on both their inherent strength and their commercial strength.

134.   Hollander's goods are goods which are sold, distributed, furnished and/or advertised to the same or similar classes of purchasers as Defendants' goods and services.

135.   Upon information and belief, Defendants were aware of Hollander and of Hollander's use of its Hollander Registered Trademarks prior to the time Defendants selected and commenced using the First Infringing Domain.

136.   Upon information and belief, based upon, without limitation, the similarity of the parties' respective marks, the similar classes of purchasers for Hollander's and Defendants' goods and services, and Defendants' prior knowledge of Hollander and Hollander's use of its Hollander Registered Trademarks, Defendants adopted and use the First Infringing Domain with the intent of causing confusion among consumers with the purpose of benefitting from

22

Hollander's reputation and goodwill and thus Defendants' conduct constitutes willful trademark infringement.

137.    On information and belief, as a result of Defendants' conduct, actual confusion has occurred.

138.    As a result of Defendants' conduct, a strong likelihood of confusion, mistake, or deception has been created, and many persons familiar with the Hollander Registered Trademarks, its reputation and favorable goodwill, are likely to purchase Defendants' goods and/or services in the mistaken belief that Defendant Bear Glass is affiliated with or sponsored by Hollander and/or that the goods and services sold by Defendant Bear Glass originate from Hollander or are provided by or otherwise authorized or sponsored by Hollander.

139.    By virtue of Defendants' conduct, Defendants are engaged in infringement of the Hollander Registered Trademarks, in violation of the Lanham Act § 32, 15 U.S.C. § 1114(1), by using marks wherein such use is likely to cause confusion, or to cause mistake or to deceive.

140.    Defendants intend to make, and have made, unlawful gains and profits from such unlawful infringement and, by reason thereof, Hollander has been and will be deprived of rights and profits which otherwise would have come to Hollander, but for such infringements.

141.    Hollander has no adequate remedy at law for the injury alleged in this Count. The injury is intangible in nature and not capable of being fully measured or valued in terms of money damages. Further, the injury is of a continuing nature and will continue to be suffered so long as Defendants continue its wrongful conduct.

142.    Defendants' acts are willful, malicious and wanton and Defendants will continue its acts of willful infringement unless enjoined by this Court.

143.    Notwithstanding the inadequacy of and the difficulty of presently fully ascertaining Hollander's monetary damages caused by Defendants' wrongful conduct, Hollander is informed and believes and, based upon such information and belief, alleges that said conduct has resulted in irreparable, direct and proximate damages to Hollander.  Hollander seeks leave of this Court to amend its complaint to allege the full nature and extent of said monetary damages, if and when, and to the extent the damages are ascertained.

## COUNT VII
## REGISTERED TRADEMARK INFRINGEMENT (LANHAM ACT § 32)
## (hollandercabinetglass.com)

144.    Hollander repeats and realleges each and every allegation contained in the prior paragraphs hereto and the same are incorporated herein and made a part hereof.

145.    Under 15 U.S.C. §1057(b), the Trademark Registrations constitute *prima facie* evidence of the validity of the Hollander Registered Trademarks and of the registration of the marks, of Hollander's ownership of the Hollander Registered Trademarks, and of Hollander's exclusive right to use the Hollander Registered Trademarks in commerce on or in connection with the goods or services specified in the certificates.

146.    Defendants' registration, adoption, and use of the Second Infringing Domain, www.hollandercabinetglass.com constitutes use of a trademark in commerce within the meaning of 15 U.S.C. §1114(1)(a).

147.    Defendants' use of the Second Infringing Domainto divert Internet traffic from Hollander's   Hollander   Website   to   the   Second   Infringing   Website,   located   at www.hollandercabinetglass.com, creates a likelihood of confusion with Hollander, the Hollander

Registered Trademarks, and with Hollander's offering of services and sales of products using its Registered Trademarks.

148.    The Second Infringing Domain is confusingly similar to the Hollander Registered Trademarks in sight, sound and connotation.

149.    The dominant portion of the Hollander Registered Trademarks is the "Hollander" element.

150.    The dominant portion of Defendants' Second Infringing Domain is the "Hollander" element.

151.    The dominant portions of the parties' respective marks are indentical and confusingly similar in sight, sound, and connotation.

152.    The Hollander Registered Trademarks are distinct and strong trademarks, based on both their inherent strength and their commercial strength.

153.    Hollander's goods are goods which are sold, distributed, furnished and/or advertised to the same or similar classes of purchasers as Defendants' goods and services.

154.    Upon information and belief, Defendants were aware of Hollander and of Hollander's use of its Hollander Registered Trademarks prior to the time Defendants selected and commenced using the Second Infringing Domain.

155.    Upon information and belief, based upon, without limitation, the similarity of the parties' respective marks, the similar classes of purchasers for Hollander's and Defendants' goods and services, and Defendants' prior knowledge of Hollander and Hollander's use of its Hollander Registered Trademarks, Defendants adopted and use the Second Infringing Domain with the intent of causing confusion among consumers with the purpose of benefitting from

25

Hollander's reputation and goodwill and thus Defendants' conduct constitutes willful trademark infringement.

156.    On information and belief, as a result of Defendants' conduct, actual confusion has occurred.

157.    As a result of Defendants' conduct, a strong likelihood of confusion, mistake, or deception has been created, and many persons familiar with the Hollander Registered Trademarks, its reputation and favorable goodwill, are likely to purchase Defendants' goods and/or services in the mistaken belief that Defendant Bear Glass is affiliated with or sponsored by Hollander and/or that the goods and services sold by Defendant Bear Glass originate from Hollander or are provided by or otherwise authorized or sponsored by Hollander.

158.    By virtue of Defendants' conduct, Defendants are engaged in infringement of the Hollander Registered Trademarks, in violation of the Lanham Act § 32, 15 U.S.C. § 1114(1), by using marks wherein such use is likely to cause confusion, or to cause mistake or to deceive.

159.    Defendants intend to make, and have made, unlawful gains and profits from such unlawful infringement and, by reason thereof, Hollander has been and will be deprived of rights and profits which otherwise would have come to Hollander, but for such infringements.

160.    Hollander has no adequate remedy at law for the injury alleged in this Count.  The injury is intangible in nature and not capable of being fully measured or valued in terms of money damages.  Further, the injury is of a continuing nature and will continue to be suffered so long as Defendants continue its wrongful conduct.

161.    Defendants' acts are willful, malicious and wanton and Defendants will continue its acts of willful infringement unless enjoined by this Court.

162.   Notwithstanding the inadequacy of and the difficulty of presently fully ascertaining Hollander's monetary damages caused by Defendants' wrongful conduct, Hollander is informed and believes and, based upon such information and belief, alleges that said conduct has resulted in irreparable, direct and proximate damages to Hollander.  Hollander seeks leave of this Court to amend its complaint to allege the full nature and extent of said monetary damages, if and when, and to the extent the damages are ascertained.

## COUNT VIII
### REGISTERED TRADEMARK INFRINGEMENT (LANHAM ACT § 32)
### (hollanderglass.net and hollandercabinetglass.com website content)

163.   Hollander repeats and realleges each and every allegation contained in the prior paragraphs hereto and the same are incorporated herein and made a part hereof.

164.   Under 15 U.S.C. §1057(b), the Trademark Registrations constitute *prima facie* evidence of the validity of the Hollander Registered Trademarks and of the registration of the marks, of Hollander's ownership of the Hollander Registered Trademarks, and of Hollander's exclusive right to use the Hollander Registered Trademarks in commerce on or in connection with the goods or services specified in the certificates.

165.   Defendants' use and display of the Infringing Hollander Mark on the First and Second Infringing Websites creates a likelihood of confusion with Hollander, the Hollander Registered Trademarks, and with Hollander's offering of services and sales of products using its Registered Trademarks.

166.   The Infringing Hollander Mark is confusingly similar to the Hollander Registered Trademarks in sight, sound and connotation.

167.   The Hollander Registered Trademarks are distinct and strong trademarks, based on both their inherent strength and their commercial strength.

168.   Hollander's goods are goods which are sold, distributed, furnished and/or advertised to the same or similar classes of purchasers as Defendants' goods and services.

169.   Upon information and belief, Defendants were aware of Hollander and of Hollander's use of its Hollander Registered Trademarks prior to the time Defendants selected and commenced using the Infringing Hollander Mark.

170.   Upon information and belief, Defendants adopted and used the Infringing Hollander Mark with the intent of misleading consumers into believing that Bear Glass sold Hollander's goods when if fact it did not, thereby causing confusion among consumers, specifically including initial interest confusion, with the purpose of benefitting from Hollander's reputation and goodwill.

171.   Upon information and belief, alternatively, Defendants adopted and used the Infringing Hollander Mark with the intent of misleading consumers into believing that Bear Glass sold Hollander's goods when in fact it was passing off other goods as Hollander's goods, thereby causing confusion among consumers, with the purpose of benefitting from Hollander's reputation and goodwill.

172.   Defendants' conduct constitutes willful trademark infringement.

173.   On information and belief, as a result of Defendants' conduct, actual confusion has occurred.

174.   As a result of Defendants' conduct, a strong likelihood of confusion, mistake, or deception has been created, and many persons familiar with the Hollander Registered Trademarks, its reputation and favorable goodwill, are likely to purchase Defendants' goods

and/or services in the mistaken belief that Defendant Bear Glass is affiliated with or sponsored by Hollander and/or that the goods and services sold by Defendant Bear Glass originate from Hollander or are provided by or otherwise authorized or sponsored by Hollander.

175.    By virtue of Defendants' conduct, Defendants are engaged in infringement of the Hollander Registered Trademarks, in violation of the Lanham Act § 32, 15 U.S.C. § 1114(1), by using marks wherein such use is likely to cause confusion, or to cause mistake or to deceive.

176.    Defendants intend to make, and have made, unlawful gains and profits from such unlawful infringement and, by reason thereof, Hollander has been and will be deprived of rights and profits which otherwise would have come to Hollander, but for such infringements.

177.    Hollander has no adequate remedy at law for the injury alleged in this Count.  The injury is intangible in nature and not capable of being fully measured or valued in terms of money damages.  Further, the injury is of a continuing nature and will continue to be suffered so long as Defendants continue its wrongful conduct.

178.    Defendants' acts are willful, malicious and wanton and Defendants will continue its acts of willful infringement unless enjoined by this Court.

179.    Notwithstanding the inadequacy of and the difficulty of presently fully ascertaining Hollander's monetary damages caused by Defendants' wrongful conduct, Hollander is informed and believes and, based upon such information and belief, alleges that said conduct has resulted in irreparable, direct and proximate damages to Hollander.  Hollander seeks leave of this Court to amend its complaint to allege the full nature and extent of said monetary damages, if and when, and to the extent the damages are ascertained.

**COUNT IX**
**REGISTERED TRADEMARK INFRINGEMENT (LANHAM ACT § 32)**
**(First and Second Infringing Webpages – bearglass.com and cabinetglass.info)**

180.    Hollander repeats and realleges each and every allegation contained in the prior paragraphs hereto and the same are incorporated herein and made a part hereof.

181.    Under 15 U.S.C. §1057(b), the Trademark Registrations constitute *prima facie* evidence of the validity of the Registered Trademark and of the registration of the marks, of Hollander's ownership of the Registered Trademarks, and of Hollander's exclusive right to use the Registered Trademarks in commerce on or in connection with the goods or services specified in the certificates.

182.    Defendants' use and display of of the Infringing Winterlake Mark on each of the the First and Second Infringing Webpages creates a likelihood of confusion with Hollander, Hollander's Registered Trademark WINTERLAKE (the "Winterlake Registered Mark"), and with Hollander's offering of services and sales of products using its Winterlake Registered Trademark.

183.    The Infringing Winterlake Mark is confusingly similar to the Winterlake Registered Trademark in sight, sound and connotation.

184.    The Winterlake Registered Trademarks is a distinct and strong trademark, based on both its inherent strength and its commercial strength.

185.    Hollander's goods are goods which are sold, distributed, furnished and/or advertised to the same or similar classes of purchasers as Defendants' goods and services.

186.    Upon information and belief, Defendants were aware of Hollander and of Hollander's use of its Winterlake Registered Trademark prior to the time Defendants selected and commenced using the Infringing Winterlake Mark.

187.    Upon information and belief, Defendants adopted and used the Infringing Winterlake Mark with the intent of misleading consumers into believing that Bear Glass sold Hollander's goods when if fact it did not, thereby causing confusion among consumers, specifically including initial interest confusion, with the purpose of benefitting from Hollander's reputation and goodwill.

188.    Upon information and belief, alternatively, Defendants adopted and used the Infringing Winterlake Mark with the intent of misleading consumers into believing that Bear Glass sold Hollander's goods when in fact it was passing off other goods as Hollander's goods, thereby causing confusion among consumers, with the purpose of benefitting from Hollander's reputation and goodwill.

189.    Defendants' conduct constitutes willful trademark infringement.

190.    On information and belief, as a result of Defendants' conduct, actual confusion has occurred.

191.    As a result of Defendants' conduct, a strong likelihood of confusion, mistake, or deception has been created, and many persons familiar with the Winterlake Registered Trademark, its reputation and favorable goodwill, are likely to purchase Defendants' goods and/or services in the mistaken belief that Defendant Bear Glass is affiliated with or sponsored by Hollander and/or that the goods and services sold by Defendant Bear Glass originate from Hollander or are provided by or otherwise authorized or sponsored by Hollander.

192.    By virtue of Defendants' conduct, Defendants are engaged in infringement of the Winterlake Registered Trademarks, in violation of the Lanham Act § 32, 15 U.S.C. § 1114(1), by using marks wherein such use is likely to cause confusion, or to cause mistake or to deceive.

193.    Defendants intend to make, and have made, unlawful gains and profits from such unlawful infringement and, by reason thereof, Hollander has been and will be deprived of rights and profits which otherwise would have come to Hollander, but for such infringements.

194.    Hollander has no adequate remedy at law for the injury alleged in this Count.  The injury is intangible in nature and not capable of being fully measured or valued in terms of money damages.  Further, the injury is of a continuing nature and will continue to be suffered so long as Defendants continue its wrongful conduct.

195.    Defendants' acts are willful, malicious and wanton and Defendants will continue its acts of willful infringement unless enjoined by this Court.

196.    Notwithstanding the inadequacy of and the difficulty of presently fully ascertaining Hollander's monetary damages caused by Defendants' wrongful conduct, Hollander is informed and believes and, based upon such information and belief, alleges that said conduct has resulted in irreparable, direct and proximate damages to Hollander.  Hollander seeks leave of this Court to amend its complaint to allege the full nature and extent of said monetary damages, if and when, and to the extent the damages are ascertained.

## COUNT X
## TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, FALSE DESCRIPTION, AND UNFAIR COMPETITION (LANHAM ACT § 43(a)) (hollanderglass.net)

197.    Hollander repeats and realleges each and every allegation contained in the prior paragraphs hereto, and the same are incorporated herein and made a part hereof.

198.    The Trademarks HOLLANDER GLASS, HOLLANDER, and HOLLANDER CIRCA 1900 WINDOW GLASS ("Hollander Trademarks") are inherently distinctive.

199.    The Hollander Trademarks have acquired distinctiveness and a secondary meaning.

200.    Defendants' registration, adoption, and use of the First Infringing Domain, www.hollanderglass.net, creates a likelihood of confusion with Hollander, the Hollander Trademarks, and with Hollander's offering of services and sales of products using its Hollander Trademarks.

201.    The First Infringing Domain is confusingly similar to the Hollander Trademarks in sight, sound and connotation.

202.    The dominant portion of the Hollander Trademarks is the "Hollander" element.

203.    The dominant portion of Defendants' First Infringing Domain is the "Hollander" element.

204.    The dominant portions of the parties' respective marks are confusingly similar in sight, sound, and connotation.

205.    The Hollander Trademarks are strong trademarks, based on both their inherent strength and their commercial strength.

206.    Hollander's goods and services are goods and services which are sold, distributed, furnished and/or advertised to the same or similar classes of purchasers as Defendants' intended goods and services.

207.    Upon information and belief, Defendants were aware of Hollander and of Hollander's use of its Hollander Trademarks prior to the time Defendants selected, registered, and commenced using the First Infringing Domain.

208.    Upon information and belief, based upon, without limitation, the similarity of the parties' respective marks, and Defendants' prior knowledge of Hollander and Hollander's use of

33

its Hollander Trademarks, Defendants adopted and used the First Infringing Domain with the intent of causing confusion among consumers with the purpose of benefitting from Hollander's reputation and goodwill, and Defendants' conduct constitutes willful trademark infringement and unfair competition.

209.    On information and belief, as a result of Defendants' conduct, actual confusion has occurred.

210.    The acts and conduct of Defendants are willful, unfair, untrue and deceptive, in that they intend to mislead, deceive and confuse, and have had and continue to have the result of misleading, deceiving and confusing the public to believe that Defendants, Bear Glass' goods and services, and/or the First Infringing Domain are affiliated with, sponsored or controlled by Hollander.  As a consequence, Defendants attempt to trade upon, and gain public acceptance and other benefits from Hollander's favorable reputation, which has accordingly, been placed at risk by Defendants' illegal acts and conduct.

211.    The acts of Defendants constitute infringement of the Hollander Trademarks, and the use of a false designations of origin, false representations, and unfair competition, by inducing the erroneous belief that Defendants, Bear Glass' goods and services, and/or the First Infringing Domain are in some manner affiliated with, originate from, or are sponsored by Hollander, and by misrepresenting the nature and/or origin of Defendants' goods and services, are all in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

212.    The acts of Defendants have caused irreparable harm and damage to Hollander and will continue to cause irreparable harm to Hollander, and have caused and will continue to cause Hollander to suffer monetary damage in an amount thus far not determined.

213.    Hollander has no adequate remedy at law for the injury alleged in this count, and

said injury is, in part, intangible in nature and not capable of being fully measured or valued entirely in terms of monetary damages.

214.     Notwithstanding the inadequacy of and the difficulty of presently fully ascertaining Hollander's monetary damages caused by Defendants' wrongful conduct, Hollander is informed and believes and, based upon such information and belief, alleges that said conduct has resulted in irreparable, direct and proximate damages to Hollander.  Hollander seeks leave of this Court to amend its complaint to allege the full nature and extent of said monetary damages if, when and to the extent the damages are ascertained.

## COUNT XI
## TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, FALSE DESCRIPTION, AND UNFAIR COMPETITION (LANHAM ACT § 43(a)) (hollandercabinetglass.net)

215.     Hollander repeats and realleges each and every allegation contained in the prior paragraphs hereto, and the same are incorporated herein and made a part hereof.

216.     The Hollander Trademarks are inherently distinctive.

217.     The Trademarks have acquired distinctiveness and a secondary meaning.

218.     Defendants' registration, adoption, and use of the Second Infringing Domain, www.hollandercabinetglass.net, creates a likelihood of confusion with Hollander, the Hollander Trademarks, and with Hollander's offering of services and sales of products using its Hollander Trademarks.

219.     The Second Infringing Domain is confusingly similar to the Hollander Trademarks in sight, sound and connotation.

220.     The dominant portion of the Hollander Trademarks is the "Hollander" element.

35

221.   The dominant portion of Defendants' Second Infringing Domain is the "Hollander" element.

222.   The dominant portions of the parties' respective marks are confusingly similar in sight, sound, and connotation.

223.   The Hollander Trademarks are strong trademarks, based on both their inherent strength and their commercial strength.

224.   Hollander's goods and services are goods and services which are sold, distributed, furnished and/or advertised to the same or similar classes of purchasers as Defendants' intended goods and services.

225.   Upon information and belief, Defendants were aware of Hollander and of Hollander's use of its Hollander Trademarks prior to the time Defendants selected, registered, and commenced using the Second Infringing Domain.

226.   Upon information and belief, based upon, without limitation, the similarity of the parties' respective marks, and Defendants' prior knowledge of Hollander and Hollander's use of its Hollander Trademarks, Defendants adopted and used the Second Infringing Domain with the intent of causing confusion among consumers with the purpose of benefitting from Hollander's reputation and goodwill, and Defendants' conduct constitutes willful trademark infringement and unfair competition.

227.   On information and belief, as a result of Defendants' conduct, actual confusion has occurred.

228.   The acts and conduct of Defendants are willful, unfair, untrue and deceptive, in that they intend to mislead, deceive and confuse, and have had and continue to have the result of misleading, deceiving and confusing the public to believe that Defendants, Bear Glass' goods

and services, and/or the Second Infringing Domain are affiliated with, sponsored or controlled by Hollander.  As a consequence, Defendants attempt to trade upon, and gain public acceptance and other benefits from Hollander's favorable reputation, which has accordingly, been placed at risk by Defendants' illegal acts and conduct.

229.    The acts of Defendants constitute infringement of the Hollander Trademarks, and the use of a false designations of origin, false representations, and unfair competition, by inducing the erroneous belief that Defendants, Bear Glass' goods and services, and/or the First Infringing Domain are in some manner affiliated with, originate from, or are sponsored by Hollander, and by misrepresenting the nature and/or origin of Defendants' goods and services, are all in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

230.    The acts of Defendants have caused irreparable harm and damage to Hollander and will continue to cause irreparable harm to Hollander, and have caused and will continue to cause Hollander to suffer monetary damage in an amount thus far not determined.

231.    Hollander has no adequate remedy at law for the injury alleged in this count, and said injury is, in part, intangible in nature and not capable of being fully measured or valued entirely in terms of monetary damages.

232.    Notwithstanding the inadequacy of and the difficulty of presently fully ascertaining Hollander's monetary damages caused by Defendants' wrongful conduct, Hollander is informed and believes and, based upon such information and belief, alleges that said conduct has resulted in irreparable, direct and proximate damages to Hollander.  Hollander seeks leave of this Court to amend its complaint to allege the full nature and extent of said monetary damages if, when and to the extent the damages are ascertained.

**COUNT XII**
**TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN,**
**FALSE DESCRIPTION, AND UNFAIR COMPETITION (LANHAM ACT § 43(a))**
**(hollanderglass.net and hollandercabinetglass.com website content)**

233.   Hollander repeats and realleges each and every allegation contained in the prior paragraphs hereto, and the same are incorporated herein and made a part hereof.

234.   The Hollander Trademarks are inherently distinctive.

235.   The Hollander Trademarks have acquired distinctiveness and a secondary meaning.

236.   Defendants' use and display of the Infringing Hollander Mark create the likelihood of confusion with Hollander, the Hollander Trademarks, and with Hollander's offering and sales of products using its Hollander Trademarks.

237.   The Infringing Hollander Mark is confusingly similar to the Hollander Trademarks in sight, sound and connotation.

238.   The dominant portion of the Hollander Trademarks is the "Hollander" element.

239.   The dominant portion of Defendants' Infringing Hollander Mark is the "Hollander" element.

240.   The dominant portions of the parties' respective marks are confusingly similar in sight, sound, and connotation.

241.   The Hollander Trademarks are distincitive and strong trademarks, based on both their inherent strength and their commercial strength.

242.   Hollander's goods and services are goods and services which are sold, distributed, furnished and/or advertised to the same or similar classes of purchasers as Defendants' intended goods and services.

38

243.     Upon information and belief, Defendants were aware of Hollander and of Hollander's use of its Hollander Trademarks prior to the time Defendants selected and commenced using the Infringing Hollander Mark.

244.     Upon information and belief, based upon, without limitation, the similarity of the parties' respective marks, and Defendants' prior knowledge of Hollander and Hollander's use of its Hollander Trademarks, Defendants adopted and used the Infringing Hollander Mark with the intent of causing confusion among consumers with the purpose of benefitting from Hollander's reputation and goodwill, and Defendants' conduct constitutes willful trademark infringement and unfair competition.

245.     On information and belief, as a result of Defendants' conduct, actual confusion has occurred.

246.     The acts and conduct of Defendants are willful, unfair, untrue and deceptive, in that they intend to mislead, deceive and confuse, and have had and continue to have the result of misleading, deceiving and confusing the public to believe that Defendants and/or the Infringing Hollander Mark are affiliated with, sponsored or controlled by Hollander.  As a consequence, Defendants attempt to trade upon, and gain public acceptance and other benefits from Hollander's favorable reputation, which has accordingly been placed at risk by Defendants' illegal acts and conduct.

247.     The acts of Defendants constitute infringement of the Hollander Trademarks, and the use of a false designations of origin, false representations, and unfair competition, by inducing the erroneous belief that Defendants and/or the Infringing Hollander Mark are in some manner affiliated with, originate from, or are sponsored by Hollander, and by misrepresenting

the nature and/or origin of Defendants' goods and services, are all in violation of Lanham Act §

43(a), 15 U.S.C. § 1125(a).

248.    The acts of Defendants have caused irreparable harm and damage to Hollander

and will continue to cause irreparable harm to Hollander, and have caused and will continue to

cause Hollander to suffer monetary damage in an amount thus far not determined.

249.    Hollander has no adequate remedy at law for the injury alleged in this count, and

said injury is, in part, intangible in nature and not capable of being fully measured or valued

entirely in terms of monetary damages.

250.    Notwithstanding the inadequacy of and the difficulty of presently fully

ascertaining Hollander's monetary damages caused by Defendants' wrongful conduct, Hollander

is informed and believes and, based upon such information and belief, alleges that said conduct

has resulted in irreparable, direct and proximate damages to Hollander.  Hollander seeks leave of

this Court to amend its complaint to allege the full nature and extent of said monetary damages

if, when and to the extent the damages are ascertained.

## COUNT XIII
### TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, FALSE DESCRIPTION, AND UNFAIR COMPETITION (LANHAM ACT § 43(a)) (First and Second Infringing Webpages – bearglass.com and cabinetglass.info)

251.    Hollander repeats and realleges each and every allegation contained in the prior

paragraphs hereto, and the same are incorporated herein and made a part hereof.

252.    The Winterlake Registered Mark is inherently distinctive.

253.    The Winterlake Registered Mark has acquired distinctiveness and a secondary

meaning.

254.   Defendants' use and display of the Infringing Winterlake Mark on the First and Second Infringing Webpages creates the likelihood of confusion with Hollander, the Winterlake Registered Mark, and with Hollander's offering and sales of products using its Winterlake Registered Mark.

255.   The Infringing Winterlake Mark is confusingly similar to the Winterlake Registered Mark in sight, sound and connotation.

256.   The Winterlake Registered Mark is a distincitive and strong trademark, based on both its inherent strength and its commercial strength.

257.   Hollander's goods and services are goods and services which are sold, distributed, furnished and/or advertised to the same or similar classes of purchasers as Defendants' intended goods and services.

258.   Upon information and belief, Defendants were aware of Hollander and of Hollander's use of its Winterlake Registered Mark prior to the time Defendants selected and commenced using the Infringing Winterlake Mark.

259.   On information and belief, based upon, without limitation, the similarity of the parties' respective marks, and Defendants' prior knowledge of Hollander and Hollander's use of its Winterlake Registered Mark, Defendants adopted and used the Infringing Winterlake Mark with the intent of causing confusion among consumers with the purpose of benefitting from Hollander's reputation and goodwill, and Defendants' conduct constitutes willful trademark infringement and unfair competition.

260.   On information and belief, as a result of Defendants' conduct, actual confusion has occurred.

41

261.    The acts and conduct of Defendants are willful, unfair, untrue and deceptive, in that they intend to mislead, deceive and confuse, and have had and continue to have the result of misleading, deceiving and confusing the public to believe that Defendants and/or the Infringing Winterlake Mark are affiliated with, sponsored or controlled by Hollander.  As a consequence, Defendants attempt to trade upon, and gain public acceptance and other benefits from Hollander's favorable reputation, which has accordingly been placed at risk by Defendants' illegal acts and conduct.

262.    The acts of Defendants constitute infringement of the Winterlake Registered Mark, and the use of a false designations of origin, false representations, and unfair competition, by inducing the erroneous belief that Defendants and/or the Infringing Winterlake Mark are in some manner affiliated with, originate from, or are sponsored by Hollander, and by misrepresenting the nature and/or origin of Defendants' goods and services, are all in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

263.    The acts of Defendants have caused irreparable harm and damage to Hollander and will continue to cause irreparable harm to Hollander, and have caused and will continue to cause Hollander to suffer monetary damage in an amount thus far not determined.

264.    Hollander has no adequate remedy at law for the injury alleged in this count, and said injury is, in part, intangible in nature and not capable of being fully measured or valued entirely in terms of monetary damages.

265.    Notwithstanding the inadequacy of and the difficulty of presently fully ascertaining Hollander's monetary damages caused by Defendants' wrongful conduct, Hollander is informed and believes and, based upon such information and belief, alleges that said conduct has resulted in irreparable, direct and proximate damages to Hollander.  Hollander seeks leave of

this Court to amend its complaint to allege the full nature and extent of said monetary damages if, when and to the extent the damages are ascertained.

## COUNT XIV
### TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, FALSE DESCRIPTION, AND UNFAIR COMPETITION (LANHAM ACT § 43(a)) (First, Second, Third, Fourth and Fifth Infringing Webpages)

266.    Hollander repeats and realleges each and every allegation contained in the prior paragraphs hereto, and the same are incorporated herein and made a part hereof.

267.    Defendants' publication, use and display of the Infringing Photos creates a likelihood of confusion with Hollander and with Hollander's offering and sales of products using its various Trademarks.

268.    Hollander's goods and services are goods and services which are sold, distributed, furnished and/or advertised to the same or similar classes of purchasers as Defendants' intended goods and services.

269.    Upon information and belief, Defendants were aware of Hollander, Hollander's products, and of Hollander's use of its various Trademarks in connection with its advertising and sale of its goods prior to the time Defendants selected and commenced using the Infringing Photos.

270.    On information and belief, Defendants adopted and used the Infringing Photos with the intent of causing confusion among consumers with the purpose of benefitting from Hollander's reputation and goodwill by intentionally or impliedly passing off Defendants' goods, which are not Hollanders goods, as Hollander goods, and Defendants' conduct constitutes willful trademark infringement and unfair competition.

271.    On information and belief, as a result of Defendants' conduct, actual confusion has occurred.

272.    The acts and conduct of Defendants are willful, unfair, untrue and deceptive, in that they intend to mislead, deceive and confuse, and have had and continue to have the result of misleading, deceiving and confusing the public to believe that Defendants are affiliated with, sponsored or controlled by Hollander.  As a consequence, Defendants attempt to trade upon, and gain public acceptance and other benefits from Hollander's favorable reputation, which has accordingly been placed at risk by Defendants' illegal acts and conduct.

273.    The acts of Defendants constitute infringement and the use of a false designations of origin, false representations, and unfair competition, by inducing the erroneous belief that Defendants are in some manner affiliated with, originate from, or are sponsored by Hollander, and by misrepresenting the nature and/or origin of Defendants' goods and services, all in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

274.    The acts of Defendants have caused irreparable harm and damage to Hollander and will continue to cause irreparable harm to Hollander, and have caused and will continue to cause Hollander to suffer monetary damage in an amount thus far not determined.

275.    Hollander has no adequate remedy at law for the injury alleged in this count, and said injury is, in part, intangible in nature and not capable of being fully measured or valued entirely in terms of monetary damages.

276.    Notwithstanding the inadequacy of and the difficulty of presently fully ascertaining Hollander's monetary damages caused by Defendants' wrongful conduct, Hollander is informed and believes and, based upon such information and belief, alleges that said conduct has resulted in irreparable, direct and proximate damages to Hollander.  Hollander seeks leave of

this Court to amend its complaint to allege the full nature and extent of said monetary damages if, when and to the extent the damages are ascertained.

## COUNT XV
## CYBERSQUATTING UNDER 15 U.S.C. §1125(d)
## (hollanderglass.net)

277.    Hollander repeats and realleges each and every allegation contained in the prior paragraphs hereto and the same are incorporated herein and made a part hereof.

278.    On information and belief, on or about March 5, 2011, without Hollander's authority, license, or permission, Defendants purchased and registered the First Infringing Domain, www.hollanderglass.net, with the Internet Service Provider "GoDaddy.com."

279.    On information and belief, Defendants created and published the First Infringing Website, which was and is accessible on the Internet at the First Infringing Domain, and on information and belief Bear Glass owns and/or operates the First Infringing Website.

280.    The First Infringing Domain includes and incorporates, and is confusingly similar to, the Hollander Trademarks, which Hollander Trademarks were distinctive at the time Bear Glass registered and commenced to use the First Infringing Domain.

281.    On information and belief, Defendants adopted the First Infringing Domain with the intent to divert customers in bad faith from the Hollander Website to the First Infringing Website for Bear Glass' own commercial gain, and/or to damage the goodwill of Hollander by creating a likelihood of confusion as the source, sponsorship, affiliation, or endorsement of the First Infringing Website.

282.    Defendants' conduct constitutes cybersquatting within the meaning of 15 U.S.C. §1125(d).

283.    The acts of Defendants have caused irreparable harm and damage to Hollander and will continue to cause irreparable harm to Hollander, and have caused and will continue to cause Hollander to suffer monetary damage in an amount thus far not determined.

284.    Hollander has no adequate remedy at law for the injury alleged in this count, and said injury is, in part, intangible in nature and not capable of being fully measured or valued entirely in terms of monetary damages.

285.    Notwithstanding the inadequacy of and the difficulty of presently fully ascertaining Hollander's monetary damages caused by Defendants' wrongful conduct, Hollander is informed and believes and, based upon such information and belief, alleges that said conduct has resulted in irreparable, direct and proximate damages to Hollander.  Hollander seeks leave of this Court to amend its complaint to allege the full nature and extent of said monetary damages if, when and to the extent the damages are ascertained.

## COUNT XVI
## CYBERSQUATTING UNDER 15 U.S.C. §1125(d)
### (hollandercabinetglass.com)

286.    Hollander repeats and realleges each and every allegation contained in the prior paragraphs hereto and the same are incorporated herein and made a part hereof.

287.    On information and belief, on or about March 5, 2011, without Hollander's authority, license, or permission, Defendants purchased and registered the Second Infringing Domain, www.hollandercabinetglass.net, with the Internet Service Provider "GoDaddy.com."

288.    On information and belief, Defendants created and published the Second Infringing Website, which was and is accessible on the Internet at the Second Infringing Domain, and on information and belief Bear Glass owns and/or operates the Second Infringing Website.

289.    The Second Infringing Domain includes and incorporates, and is confusingly similar to, the Hollander Trademarks, which Hollander Trademarks were distinctive at the time Bear Glass registered and commenced to use the Second Infringing Domain.

290.    On information and belief, Defendants adopted the Second Infringing Domain with the intent to divert customers in bad faith from the Hollander Website to the Second Infringing Website for Bear Glass' own commercial gain, and/or to damage the goodwill of Hollander by creating a likelihood of confusion as the source, sponsorship, affiliation, or endorsement of the Second Infringing Website.

291.    Defendants' conduct constitutes cybersquatting within the meaning of 15 U.S.C. §1125(d).

292.    The acts of Defendants have caused irreparable harm and damage to Hollander and will continue to cause irreparable harm to Hollander, and have caused and will continue to cause Hollander to suffer monetary damage in an amount thus far not determined.

293.    Hollander has no adequate remedy at law for the injury alleged in this count, and said injury is, in part, intangible in nature and not capable of being fully measured or valued entirely in terms of monetary damages.

294.    Notwithstanding the inadequacy of and the difficulty of presently fully ascertaining Hollander's monetary damages caused by Defendants' wrongful conduct, Hollander is informed and believes and, based upon such information and belief, alleges that said conduct has resulted in irreparable, direct and proximate damages to Hollander.  Hollander seeks leave of this Court to amend its complaint to allege the full nature and extent of said monetary damages if, when and to the extent the damages are ascertained.

## COUNT XVII
## LIKELIHOOD OF INJURY TO BUSINESS REPUTATION OR DILUTION
## (NY Gen. Bus. Law § 360-l)

295.    Hollander repeats and realleges each allegation contained in the prior paragraphs hereto and the same are incorporated herein and made a part hereof.

296.    The forgoing acts of Defendants all have created and will create a likelihood of injury to the public image and business reputation of Hollander.

297.    The forgoing acts of Defendants have created and will create a likelihood of dilution of Hollander's Trademarks.

298.    Hollander's Trademarks are extremely strong, inherently strong and distinctive, and have acquired distinctiveness and a secondary meaning.

299.    Defendants appropriated Hollander's Trademarks by using the Infringing Hollander Marks, the Infringing Winterlake Mark, the First Infringing Domain, and/or the Second Infringing Domain, each which are confusingly and substantially similar to one or more of Hollander's Marks as alleged herein above.

300.    The forgoing acts of Defendants will create a likelihood of dilution by blurring, in that Defendants' use of the infringing marks and domain names will cause Hollander's Trademarks to lose their ability to serve as a unique identifyier of Hollander's goods and services.

301.    Upon information and belief, Hollander's goods and services are of superior quality as compared to Defendants' goods and services and thus, the forgoing acts of Defendants will create a likelihood of dilution by tarnishment, in that Defendants' infringing marks domain names and Defendants' inferior goods and services will be associated with Hollander and Hollander's Trademarks.

48

302.    Based on the foregoing, Defendants have violated New York Gen. Bus. Law § 360-l, for which Hollander is entitled to injunctive relief.

## COUNT XVIII
## USE OF NAME WITH INTENT TO DECEIVE
### (NY Gen. Bus. Law § 133)

303.    Hollander repeats and realleges each allegation contained in the prior paragraphs hereto and the same are incorporated herein and made a part hereof.

304.    Defendants used the Infringing Hollander Trademarks, the Infringing Winterlake Trademark, the First Infringing Domain and the Second Infringing Domain as trademarks in commerce.

305.    Upon information and belief, Defendants were aware of Hollander and of Hollander's use of its Trademarks prior to the time Defendants selected and commenced using these infringing marks and domain names.

306.    Upon information and belief, based upon, without limitation, the similarity of the parties' respective marks and Defendants' prior knowledge of Hollander and Hollander's use of Hollander's Marks, Defendants adopted and used the Infringing Hollander Trademarks, the Infringing Winterlake Trademark, the First Infringing Domain and the Second Infringing Domain with the intent of causing confusion among consumers with the purpose of benefitting from Hollander's reputation and goodwill.

307.    Upon information and belief, Defendants used the Infringing Hollander Trademarks, the Infringing Winterlake Trademark, the First Infringing Domain and the Second Infringing Domain in bad faith.

49

308.   Upon information and belief, Defendants used the Infringing Hollander Trademarks, the Infringing Winterlake Trademark, the First Infringing Domain and the Second Infringing Domain with the intent to casue confusion and to deceive the public.

309.   Defendants' use of the Infringing Hollander Trademarks, the Infringing Winterlake Trademark, the First Infringing Domain and the Second Infringing Domain has created the likelihood of confusion and actual confusion.

310.   The foregoing acts of Defendants, constitute a violation of New York Gen. Bus. Law. § 133, for which Hollander is entitled to injunctive relief.

## COUNT XIX
## COMMON LAW INFRINGEMENT AND UNFAIR COMPETITION

311.   Hollander repeats and realleges each allegation contained in the prior paragraphs hereto and the same are incorporated herein and made a part hereof.

312.   Upon information and belief, the acts of Defendants were committed willfully, intentionally, and with bad faith.

313.   Upon information and belief, Defendants intentionally appropriated Hollander's Trademarks with the intent of causing confusion, mistake and deception as to the source of its Infringing Hollander Trademarks, the Infringing Winterlake Trademark, the First Infringing Domain and the Second Infringing Domain, and the goods and services provided thereunder, with the intent to palm-off its infringing trademarks and domain names as those of Hollander's and to misappropriate the efforts and good will of Hollander.

314.   The acts of Defendants have created a likelihood of confusuion.

315.   The acts of Defendants, including Defendants' use of the Infringing Hollander Trademarks, the Infringing Winterlake Trademark, the First Infringing Domain and the Second

50

Infringing Domain, constitute trademark infringement, in violation of the common law of the State of New York.

316.    The acts of Defendants, including Defendants' use of the Infringing Hollander Trademarks, the Infringing Winterlake Trademark, the First Infringing Domain and the Second Infringing Domain, constitute unfair competition, in violation of the common law of the State of New York.

317.    The foregoing acts of Defendants have injured and will continue to injure Hollander, by depriving it of sales of its genuine goods and services, by injuring its business reputation, and by passing off Defendants' infringing trademarks and domain names as Hollander's Trademarks, all in violation of the common law of the State of New York.

318.    Defendants' acts have caused irreparable harm and damage to Hollander and have caused Hollander monetary damage in an amount thus far not determined, for which Hollander is entitled to its actual damages, Defendants' profits, punitive damages, attorneys' fees and costs.

319.    Hollander has no adequate remedy at law.

**WHEREFORE**, Hollander demands judgment against Defendants in the form of an Order:

A.    Providing that Defendants' conduct serves to infringe Hollander's Copyright in the Work, in violation of 17 U.S.C. § 101 et seq.

B.    Directing Defendants to account for all gains, profits, and other benefits derived as a result of its infringement of the Copyright in the Work;

C.    Granting judgment for Hollander in an amount of the greater of the following: (a) the actual damages suffered by Hollander as a result of the above-described infringement and

any additional profits of Defendants, or (b) for each infringement found by the Court, the statutory damages provided for under Section 504(c) of Title 17, United States Code, including the maximum allowable statutory damages for willful infringement;

D.       An injunction permanently and perpetually restraining and enjoining Defendant Bear Glass, its officers, deputies, agents, employees, representatives, and other persons in concert or participation therewith, including without limitation Defendant Sakowitz, from infringing in any respect the Copyright in the Work;

E.       Providing that Defendants' conduct serves to infringe each of Hollander's Registered Trademarks, in violation of Lanham Act § 32, 15 U.S.C. § 1114.

F.       Providing that Defendants' conduct serves to infringe each of Hollander's Trademarks, falsely designate the origin of Defendants' goods and services, falsely describe such goods, and unfairly compete with Hollander, all in violation of Lanham Act § 43(a), 15 U.S.C. § 1125.

G.       Providing that Defendants' conduct will create a likelihood of dilution and injury to Hollander's business reputation in violation of New York Gen. Bus. Law §§ 360-l.

H.       Providing that Defendants' used the Infringing Hollander Trademarks, the Infringing Winterlake Trademark, the First Infringing Domain and the Second Infringing Domain with the intent to casue confusion and to deceive the public in violation of New York Gen. Bus. Law. § 133.

I.       Providing that Defendants' have injured Hollander by depriving it of sales of its genuine goods and services, by injuring its business reputation, and by passing off Defendants' infringing trademarks and domain names as Hollander's Marks, all in violation of the common law of the State of New York.

52

J.      Providing that Defendants' and its agents, officers, directors, servants, employees, attorneys, their successors and assigns, and all others in active concert or participation with Defendants be preliminarily and permanently enjoined from directly or indirectly:

a. Using the mark Hollander, any confusingly similar mark including any mark containing the word Hollander, or any other marks which are similar to or are colorable imitations of Hollander's Trademarks, alone or as a part of, or together with, any other designs, word or words, trademark, service mark, trade name, trade dress or other business or commercial designation or any logo, symbol or design;

b. Committing any act which, in and of itself, or from the manner or under the circumstances in which it is done amounts to false designation of origin, false description or false representation of Defendants' goods and services; and

c. Otherwise unfairly competing with Hollander or committing dilution or infringement of Hollander's rights.

K.      Providing that Defendants' and/or its agents, officers, directors, servants, employees, attorneys, their successors and assigns, and/or all others in active concert or participation with Defendants be ordered and required to transfer the First Infringing Domain and the Second Infringing Domain to Hollander, and to remove any and all reference to Hollander and/or Hollander's goods on each of the First Infringing Website and the Second Infringing Website.

L.      Providing that the Court issue an Order directing Defendants to file with the Court and serve on Hollander, within thirty (30) days after the service on Defendants of such

injunctions, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction.

M.     That the Court award judgment in favor of Hollander for the damages sustained by Hollander and for Defendants' profits, as a result of Defendants' wrongful conduct.

N.     That the Court award judgment in favor of Hollander in the amount of treble damages.

O.     That the Court award judgment against Defendants for the full costs of this action, including reasonable attorneys' fees.

P.     That the Court award to Hollander punitive damages sufficient to deter Defendants from committing such willful acts of infringement in the future.

Q.     For interest on all amounts found to be due to Hollander from Defendants, at the prevailing rate, from the date said amounts or any part thereof became or become due.

R.     That the Court require Defendants to notify his commercial associates, suppliers and customers of this Order.

S.     That the Court order such other, further and different relief as the nature of this action may require and that the Court may deem just and proper.

T.     That the Court retain jurisdiction of this action for the purpose of enabling Hollander to apply to the Court, at any time, for such further orders and directions as may be necessary or appropriate for the interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

## JURY TRIAL DEMANDED

Plaintiff, Hollander, hereby demands a jury trial of all issues so triable.

Dated: Scarsdale, New York
        August 28, 2014

Respectfully submitted,

**LACKENBACH SIEGEL LLP**

By: _____
        Robert B. Golden (RG 6157)
        Jeffrey M. Rollings (JR 6940)
        One Chase Road
        Scarsdale, New York 10583
        (914) 723-4300
        (914) 725-5674 (fax)

**LEVINE MANDELBAUM PLLC**
Howard F. Mandelbaum
222 Bloomingdale Road Suite 203
White Plains, New York 10605

*Attorneys for Hollander Glass Texas, Inc.*